**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JAMES EDWARD STALLINGS, JR,** § | | |
| *Plaintiff,* § | | |
| § | **CIVIL NO. 6-17-CV-00123-ADA** | |
| v. § | | |
| § | | |
| **MANUEL CHAVEZ, JOHN OR JANE** § | | |
| **DOE 1-10, POLICE OFFICERS FOR** § | | |
| **THE WACO POLICE DEPARTMENT;** § | | |
| **JANE OR JOHN DOE 11-20,** § | | |
| **MCLENNAN COUNTY SHERIFF** § | | |
| **DEPARTMENT DEPUTIES; CITY OF** § | | |
| **WACO, COUNTY OF MCLENNAN,** § | | |
| **TEXAS,** § | | |
| *Defendants.* § | | |

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are: Defendant Chavez and the City of Waco's Motion to Dismiss (ECF No. 21); McLennan County's Motion to Dismiss (ECF No. 20); Plaintiff's Response to the Court's Order to Show Cause (ECF No. 26); Plaintiff's (untimely) Response to Defendants' Motions to Dismiss; and the respective responses and replies thereto. The Court, having considered the Motions and the applicable law, finds that the Motions should be **GRANTED** as discussed below.

### I.   INTRODUCTION

Yet again, this case stems from the Twin Peaks restaurant incident on May 17, 2015. Members of the Bandidos and Cossacks Motorcycle Clubs, along with hundreds of other motorcycling enthusiasts, converged on the restaurant. Tensions between the Bandidos and Cossacks erupted in a shootout that left nine dead and many injured. In the aftermath of the incident, police arrested 177 individuals on charges of Engaging in Organized Criminal Activity.

1

The probable cause affidavit in support of the arrest warrants was the same for each of the 177 arrestees, and a justice of the peace set bond for each of the arrestees at one million dollars. Only one of the criminal cases ever went to trial (the defendant in that case is not a party to the instant action), and those proceedings ended in a mistrial. The state eventually dropped all remaining charges against the arrestees. The plaintiff in this case, James Edward Stallings Jr, and others similarly situated, were arrested pursuant to the same probable cause affidavit as the other arrestees. Significantly, Plaintiff was also indicted.[1] *See* ECF No. 21 at 2. The indictment was later dismissed during the pendency of this lawsuit.

Plaintiffs bring this case pursuant to 42 U.S.C. § 1983. They allege that the defendants violated their Fourth Amendment rights by obtaining arrest warrants based on a fill-in-the-name affidavit that lacked probable cause. Plaintiffs also allege that the defendants violated their Fourteenth Amendment due process right to be free from unlawful arrest. Plaintiffs allege that the defendants conspired to commit these violations.

There are two groups of defendants in this case. The first group consists of: the City of Waco, Texas and police officers Manuel Chavez and John Doe 1–10. The second group is McLennan County, Texas, and John Doe 11–20, who are McLennan County Sheriff Department Deputies. The plaintiffs bring suit against the City of Waco ("the City") and McLennan County ("the County") as municipalities and the other defendants in their individual capacities. The individual defendants all assert qualified immunity.

On March 26 and March 28, **2019**, respectively, Defendants filed their motions to dismiss. ECF Nos. 20, 21. Plaintiff did not file a response to the Motions until approximately ***one year and one month later***, and only then did Plaintiff do so because the Court issued an order to

---

[1] One of the many aspects of this case that the Court finds troubling is Plaintiff's failure to even mention he was indicted by a McLennan County grand jury.

show cause "why Defendant's Motions to Dismiss should not be granted and why Plaintiff has not responded to the Motions." ECF No. 25.

## II.  LEGAL STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of law, causes another to be deprived of a federally protected constitutional right. Two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988).

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). To survive Rule 8, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court begins by identifying which allegations are well-pleaded facts and which are legal conclusions or elemental recitations; accepting as true the former and rejecting the latter. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not blindly accept every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as factual conclusions." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The court then determines whether the accepted allegations state a plausible claim to relief. *Id.* at 379.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of Rule 12(b)(6), "pleadings" include the complaint, its attachments, and documents referred to in the complaint and central to a plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action barred by qualified immunity. *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 793 (W.D. Tex. 2016) (Martinez, J.) (dismissing a plaintiff's claim based on qualified immunity). Qualified immunity shields government officials from civil liability for claims under federal law unless their conduct "violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Qualified immunity balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law," the Fifth Circuit considers qualified immunity the norm and admonishes courts to deny a defendant immunity only in rare

circumstances. *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) (internal quotation marks omitted).

Courts use a two-prong analysis to determine whether an officer is entitled to qualified immunity. *Cole v. Carson*, No. 14-10228, 2019 WL 3928715, at *5 (5th Cir. Aug. 20, 2019), *as revised* (Aug. 21, 2019). A plaintiff must show (1) the official violated a constitutional right; and (2) the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Reed v. Taylor*, 923 F.3d 411, 414 (5th Cir. 2019). The Supreme Court held in *Pearson* that "the judges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." 555 U.S. at 236. Although qualified immunity is an affirmative defense, the plaintiff bears the burden to rebut the defense and assert facts to satisfy both prongs of the analysis. *Brumfield*, 551 F.3d at 326. If a plaintiff fails to establish either prong, the public official is immune from suit. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407 (5th Cir. 2007).

A heightened pleading requirement is imposed on a civil rights plaintiff suing a state actor in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). To satisfy the heightened pleading requirement and maintain a § 1983 action against an official who raises a qualified immunity defense, a complaint must allege with particularity all material facts establishing a plaintiff's right of recovery, including "detailed facts supporting the contention that [a] plea of immunity cannot be sustained." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 954 F.2d 1054, 1055 (5th Cir. 1992). Mere conclusory allegations are insufficient to meet this heightened pleading requirement. *Elliott*, 751 F.2d at 1479.

## III.   DISCUSSION

### A. The Plaintiff's Failure to Comply with the Federal Rules of Civil Procedure

As an initial matter, Plaintiff's Response to Defendants' Motions to Dismiss is untimely—and not by a small margin—but by one year and one month. *See* Scheduling Order, ECF No. 18 (deadline for Plaintiff to respond to any motion to dismiss was **April 29, 2019**). The Court notes below that the Plaintiff made no reasonable effort to explain its total failure to prosecute this case by filing a Response within a reasonable period of time (or ever voluntarily).

Because the Plaintiff failed to comply with the Rules of Civil Procedure, the Court entered an Order to Show Cause on May 5, 2020. ECF No. 25. Plaintiff compounded his original failure by failing to adequately respond to the Court's Order to Show Cause. On May 11, 2020, Plaintiff responded to the Order to Show Cause. ECF No. 26. Plaintiff advised the Court that he had, that same day, filed a response to the Defendants' motions to dismiss. *Id.* at 1. As for an explanation of why Plaintiff never responded to the motions to dismiss, Plaintiff stated only that "Plaintiff's failure to respond to the Motion to Dismiss filed by Defendants was due to miscommunication and misunderstanding between Plaintiffs' (sic) counsels." *Id.* at 2.

Such a response is wholly inadequate. Plaintiff has provided no detail nor explanation of the nature of the "alleged miscommunication and misunderstandings; when, why, or how they occurred; nor why they should excuse a more than 365-day delay in responding to a motion that was properly and timely served on him. Indeed, it is difficult to even fathom a reasonable explanation for such a dely. Absent any plausible explanation being proffered the Court cannot excuse this conduct.

The same day Plaintiff filed his deficient Response to the Court's Order to Show Cause, Plaintiff filed his "response" to Defendants' Motions to Dismiss. ECF No. 27. After such a lengthy delay, the Court would have expected Plaintiff's counsel to file a comprehensive response.[2] No such luck here: first, Plaintiff's response fails to comply the Court's requirements. In its previous order, the Court limited a response to a motion to dismiss to 35 pages. ECF No. 18 at 5. Plaintiff's purported response is 79 pages, over twice the page limitation set by the Court. *See* ECF No. 27. Were the only concern either the failure to seek leave or the excessive number of pages itself, it might not be worth the Court addressing the issue in this Order.

However, a review of Plaintiff's Response reveals that it is not even directed to the allegations made by Plaintiff in his Original Complaint. Instead, Plaintiff filed a Response that is a merely a copy of a response to a different motion to dismiss (with any references to Plaintiff's pleadings removed) that was filed by another lawyer on behalf of a different plaintiff in a separate lawsuit arising from the incident at Twin Peaks. As if mere plagiarism was inappropriate enough by itself, counsel for this Plaintiff apparently failed to notice that the purloined response was made to different allegations made in a different complaint. *See, and compare* ECF No. 27 in this case, *with Clendennen v. Stroman*, No. 1:15-cv-01041-ADA, ECF No. 58. Thus, Plaintiff's response is almost entirely irrelevant to the legal issues raised in Defendant's motion to dismiss that was filed in response to *this* Plaintiff's allegations. In sum, the Response that the Plaintiff filed in this case entirely fails to even address the particular issues involved in the case here, *i.e.,* John Doe defendants.

---

[2] Additionally, the Court did not ask Plaintiff to file a Response, only to adequately answer the Court's Order to Show Cause. *See* ECF No. 25. Thus, Plaintiff should have sought leave of Court, which he did not do, before filing his response to the Defendants' Motions to Dismiss.

In sum, the "response" that the Plaintiff filed was untimely and entirely deficient. The Court could grant the Defendants' Motions to Dismiss for these reasons alone. However, out of an extreme abundance of caution, the Court will nevertheless address the merits of Plaintiff's case.

**B. The Court Finds the Motion to Dismiss Should be Granted**

Finally, in reaching the "merits" of Plaintiff's response to the defendants' motions to dismiss, the Court finds that Plaintiff's claims should be dismissed for several reasons, as set forth below.

### i. Fourth and Fourteenth Amendments

At the outset, the Court notes that Plaintiff brings his claims against the Defendants under both the Fourth and Fourteenth Amendments. But "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal punctuation omitted). A citizen has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright*, 510 U.S. at 274. Because the Fourth Amendment covers unlawful arrest, Plaintiff cannot also ask for relief under the Fourteenth Amendment. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Accordingly, Plaintiff's Fourteenth Amendment claims are **DISMISSED**, and the Court will address his claims in the context of the Fourth Amendment.

There are two claims against government agents for alleged Fourth Amendment violations in connection with a search or arrest warrant: **(1)** claims under *Malley*, 475 U.S. at 335, for which the agent may be liable if he "fil[es] an application for an arrest warrant without probable cause" and "a reasonable well-trained officer . . . would have known that [the] affidavit failed to establish probable cause," *Michalik v. Hermann*, 422 F.3d 252, 259–60 (5th Cir. 2005) (citations and internal quotation marks omitted); and **(2)** claims under *Franks v. Delaware*, 438 U.S. 154 (1978), for which the agent may be liable if he "makes a false statement knowingly and intentionally, or with reckless disregard for the truth that results in a warrant being issued without probable cause," *Michalik*, 422 F.3d at 258 n.5. In the instant case, and liberally construing Plaintiff's complaint, Plaintiff brings claims under both theories.

However, because Plaintiff in this case was indicted by a McLennan County grand jury, Defendants argue Plaintiff's Fourth Amendment claims should be dismissed. Thus, before the Court can address the substance of the alleged violations, the Court must first address whether the independent intermediary doctrine applies in this case.

  **ii.**   **Independent Intermediary Doctrine**

The City and County Defendants argue Plaintiff's Fourth Amendment claims should be dismissed under the independent intermediary doctrine, which insulates from a false arrest claim the initiating party if an intermediary presented with the facts finds that probable cause for the arrest exists. The Plaintiff, in this case, was indicted by a grand jury. ECF No. 21 at 2. Defendants argue, correctly, that those indictments break the chain of causation between the defendants and the alleged constitutional harms unless an exception applies. Plaintiff contends the exception does apply such that he has stated a plausible claim for relief. The Court finds the doctrine applies, but the exception does not.

"It is well settled that if facts supporting an arrest are placed before any independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). The Fifth Circuit has repeatedly "applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016). Thus, unless an exception to the independent intermediary rule applies, Plaintiff's grand jury indictment dooms his Fourth Amendment claims.

Under the taint exception to the independent intermediary rule, a plaintiff may plead a plausible false arrest claim despite the findings of an intermediary "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Curtis v. Sowell*, 761 Fed. App'x 302, 304 (5th Cir. 2019) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). Because the intermediary's discussions protect even individuals with malicious intent, a plaintiff must show that the state actor's malicious motive led the actor to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2019).

The Fifth Circuit recently held that when analyzing allegations of taint at the motion to dismiss stage, mere allegations of taint "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *Id.* at 690. Thus, to survive Defendants' Motions to Dismiss, Plaintiff must provide sufficient facts supporting the inference that each Defendant maliciously tainted the grand jury proceedings. *See Shaw v. Villanueva*, 918

F.3d 414, 417 (holding a plaintiff must show that the defendant maliciously withheld relevant information or otherwise misdirected the intermediary).

Plaintiff has failed to provide any facts whatsoever that would in any way support an inference that each Defendant maliciously tainted the grand jury proceedings. "The Supreme Court is no-nonsense about pleading specificity requirements." *Shaw*, 918 F.3d at 415. Plaintiff cannot satisfy the requirement in *Iqbal* to plead facts rising above the speculative level demonstrating how *each* Defendant tainted the grand jury proceedings by either omitting evidence or misleading the jury. *See Iqbal*, 556 U.S. at 679; *Shaw*, 918 F.3d at 415. A majority of Plaintiff's allegations are that a Defendant, a grouping of Defendants, or sometimes simply, "Defendants," knew that [a particular fact] did not [e.g., establish probable cause as to them or support the charge]; or that the defendants knew that the Plaintiff was not involved in gang violence. However, such threadbare allegations are not sufficient to meet the taint exception. *See Glaster v. City of Mansfield*, 2015 WL 8512, *7 (W.D. La. 2015) (plaintiff did not plead involvement of defendant officer in the grand jury proceedings or factually how he tainted the grand jury's deliberations; officer dismissed on qualified immunity grounds).

In *Curtis v. Sowell*, the Fifth Circuit recognized that during the motion to dismiss stage, mere allegations of taint may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference. *See* 761 Fed. App'x at 304–05. However, the Fifth Circuit affirmed the district court's decision to dismiss the plaintiff's complaint because the plaintiff did not adequately allege how the defendants, or anyone else, deceived or withheld material information from the grand jury. *Id.* at 305. The plaintiff's allegation that the district attorney "persuaded the grand jury to indict [the plaintiff] even though the district attorney knew

11

that there was no factual or legal basis for the charge" was insufficient to invoke the exception to the independent intermediary doctrine. *Id.*

Similarly, Plaintiff argues Defendants knew he was not in a criminal gang and knew that he did not participate in the criminal conduct at the Twin Peaks restaurant. Despite this knowledge, Defendants still pursued an indictment. However, these conclusory allegations, as in *Curtis*, are not sufficient to survive a motion to dismiss. Plaintiff does not know what testimony was given before the grand jury, he does not know who testified before the grand jury, and there is no transcript of the grand jury proceedings. In other words, Plaintiff is simply guessing at what took place before the grand jury and who testified before the grand jury.[3] Moreover, unlike similar plaintiffs facing motions to dismiss in cases arising from the Twin Peaks incident, Plaintiff does not even mention his indictment by the McLennan County grand jury or what may or may not have occurred during the grand jury deliberations. Thus, such allegations (if they even exist) are no more than rank speculation. *See Rothstein v. Carriere* 373 F.3d 275, 284 (2nd Cir. 2004) (holding where a person's alleged grand jury testimony is unknown, an "argument that [defendant] must have testified falsely to the grand jury amounts to rank speculation.").

As previously mentioned, grand jury proceedings are not generally discoverable. *See Shields v. Twiss*, 389 F.3d 142, 147 (5th Cir. 2004) ("[t]he court notes that under both federal and state law, a general rule of secrecy shrouds the proceedings of grand juries."). However, both federal and Texas law permit discovery of grand jury material when the party seeking discovery demonstrates a "particularized need" for the material. *Id.* at 147–48 (citing *United States v.*

---

[3] The Court does not require the Plaintiff to prove the impossible, *i.e.* what occurred inside the secret proceedings of a grand jury. *See McLin v. Ard*, F.3d at 690. However, Plaintiff's allegations amount to no more than claims that Defendants 'knew of' or 'condoned' the alleged violations of Plaintiff's constitutional rights. Thus, Plaintiff has failed to plead adequate factual allegations to support the taint exception. *See Shaw*, 918 F.3d at 418 (noting that a plaintiff's allegation that the defendant knew of or condoned some falsity or omission was insufficient to state a claim).

*Procter & Gamble Co.*, 356 U.S. 677, 682–83 (1958); *In re Byrd Enters.*, 980 S.W.2d 542, 543 (Tex. App.–Beaumont 1998, no pet.)). "A party claiming a particularized need for grand jury material under Rule 6(e) has the burden of showing "that the material [it] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Id.* at 147.

In the present case, Plaintiff has failed to mention, let alone even attempt to articulate, reasons why they might meet the standard for such discovery. Even if Plaintiff did so, the Court believes that, under the facts alleged by the Plaintiff, the Plaintiff could not identify a "particularized need" for grand jury material. Additionally, Plaintiff has failed to allege that *each* Defendant (or Defendants generally) *maliciously* omitted evidence or mislead the grand jury. *See Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988); *see also Scott v. White*, 2018 WL 2014093, *4 (W.D. Tex. 2018). It is not enough that a plaintiff pleads that misrepresentations were made to the intermediary or that a defendant omitted to provide material information to the intermediary to invoke the exception to the independent intermediary doctrine. A plaintiff must also plead that such conduct was done maliciously. *McLin*, 866 F.3d at 689; *Shaw*, 918 F.3d at 417; *Curtis*, 761 Fed. App'x at 304. Moreover, a plaintiff must plead sufficient factual allegations that *each defendant* maliciously withheld or mislead the grand jury. *Id.* In this case, Plaintiff provides no such factual allegations, let alone allegations concerning *each* defendant. *See generally* Pls.' Compl.

Because the Court finds the independent intermediary doctrine applies in this case, Plaintiff's Fourth Amendment claims against the City and County Defendants must fail.

13

Therefore, the Court **GRANTS** the City and County Defendants' motions to dismiss with prejudice.

### iii.     John Doe Defendants

Yet another issue exists with Plaintiff's complaint: Plaintiff lists several "Jane or John Does" in his complaint, but Plaintiff has not named nor served any of these unknown individuals. In determining the applicable limitations period in a § 1983 action, the court looks to the forum state's personal injury limitations period. *See Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019). In Texas, that limitations period is two years. *Id.*

In general, the plaintiff must make an amendment to change the name of a party within the applicable limitations period or relate back to the date of the original complaint. FED. R. CIV. P. 15(c). However, to relate back, a plaintiff must show that a later-added defendant received adequate notice of the original lawsuit. Additionally, a plaintiff must show that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant. *Winzer*, 916 F.3d at 470. Both of these requirements must occur within the period provided by Rule 4(m). *Id.* The period allowed by Rule 4(m) for service of the summons and complaint is 90 days after the filing of the complaint. *See* FED. R. CIV. P. 4(m).

Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of error, such as a misnomer or misidentification." *Jacobsen*, 144 F.3d at 320 (internal quotations omitted). An amendment to substitute a named party for a John Doe defendant may not relate back to the filing of the original complaint under Rule 15(c)(3) to prevent a lapse in the limitations period. *Jacobsen*, 133 F.3d at 320–21.

In this case, Plaintiff filed his complaint listing several John Does on May 17, 2015. ECF No. 1. Plaintiff has not filed an amended complaint in this case, and any chance to do so has long since passed. As of the date of this order, Plaintiff still has not identified any of the John Does listed in his complaint. Thus, assuming, *arguendo,* that Rule 15(c) even allows an amendment to substitute a name party for a John Doe, both the period allowed by Rule 4(m) and the two-year statute of limitations period have long passed. Accordingly, all claims against the John Doe defendants are barred by the statute of limitations and are **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss. Accordingly, the City and Chavez's Motion to Dismiss (ECF No. 21) and the County's Motion to Dismiss (ECF No. 20) are **GRANTED**.

**SIGNED** this 19th day of May, 2020.

ALAN D ALBRIGHT  
UNITED STATES DISTRICT JUDGE